**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAY BARRINGER,**

   **Petitioner,**

**v.**                                    **Case No. 4:23cv133-WS/MAF**

**RICKY DIXON, et al.,**

   **Respondents.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

On or about March 31, 2023, Petitioner Jay Barringer, a state inmate proceeding pro se, filed an "Emergency Alternative Writ," with exhibits, docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   ECF No. 1.   He did not pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis (IFP).   *See id*.   Therefore, by order on April 7, 2023, this Court directed Petitioner to do so on or before May 8, 2023.   ECF No. 3.   In that order, this Court also directed Petitioner to submit his habeas petition on the proper form by the same deadline.   *Id*. Because Petitioner did not comply with the Court's order, the undersigned entered a Report and Recommendation on June 8, 2023, that the case be dismissed without prejudice.   ECF No. 5.

Petitioner then filed a Motion for Reconsideration, ECF No. 6, and this Court, in an abundance of caution, vacated the June 8 Report and Recommendation by order entered July 10, 2023, ECF No. 10. The Court allowed Petitioner an additional thirty (30) days to comply with this Court's order entered April 7, 2023, directing him to either pay the $5.00 filing fee or submit a complete IFP motion, and also submit an amended § 2254 petition. ECF No. 10; *see* ECF No. 3. To date, Petitioner has not complied with the Court's order.

Petitioner has filed, on or about July 12, 2023, a handwritten document titled, "Bill of Complaint in Equity and Presentment to Void Account/Case." ECF No. 11. He asserts, "Respondents cannot and could not have a valid claim – judgement against JAY BARRINGER without personal knowledge – and a copy of photo, fingerprints; as judgment in case/account has been discharged." *Id*. He asserts he is "being held by Florida Department Corrections on a null and void criminal case." *Id*. at 2. He asserts he "did satisfy two liens in his state criminal case, which was noted in case Middle District Florida 8:23-cv-00799 MSS/JSS." He asserts:

1) The legal name of each debtor, and if recorded legal enity, the registered name and document filing numbers.

Page **3** of **7**

    a)  In which (Petitioner's) is not registered in public and is not the legal enity on judgement See UCC financing statement document number 202201983885

Violation of Fla. Stat. 55.203(1)(a)

2)  Petitioner's name is published on the FDOC website and contains a picture/photo name without express written authorization

Violation of Fla. Stat. 540.08(1)

3)  Once judgement is satisfied, sentence becomes unenforceable, as secured party had deemed.  With or without removal – (Judgement is unenforceable) 679.609 and 679.610

Wherefore, it is ordered and adjudged that the Judgement in account/case 00-1041 (JAY BARRINGER IS VOID,

    It is ORDERED THAT PETITIONER BE RELEASED FROM all custody, restraint and otherwise

*Id*. at 4.  This filing is not responsive to this Court's orders.

Notably, the case from the Middle District of Florida that Barringer references is a petition for writ of mandamus he filed there on or about April 17, 2023.  Barringer v. Sixth Judicial Circuit Court of Florida, No. 8:23cv799-MSS/JSS (M.D. Fla. 2023).  By order on May 4, 2023, that court explained a federal court lacks the general power to issue a writ of mandamus to direct state courts in the performance of their duties.  *Id*. ECF No. 3.  The court construed Barringer's filing as a petition for a writ of habeas corpus under § 2254 "because Barringer challenges his state court conviction and

demands release." *Id*. at 2. Among other things, the court explained

Barringer's earlier § 2254 petition was dismissed as time-barred, but

"[b]ecause Barringer asserts that official public records filed in 2022 vacated

the judgment in his criminal case and entitle him to release, his petition is not

a barred successive petition" as the claim ripened after the adjudication of

the earlier petition. *Id*. at 2. The court explained, however, that Barringer's

claim "is not cognizable on federal habeas and is refuted by the record." *Id*.

The Middle District explained that because Barringer failed to assert the state

court violated his federal constitutional rights, his claim fails, and, referencing

the same or similar claims Barringer has made in this case, that court further

explained:

> Also, a judicially noticed docket from his state criminal case
> shows that the post-conviction court did not amend or vacate his
> conviction and sentence in 2022. State v. Barringer, No. 00-CF-
> 1041 (Fla. 6th Jud. Cir.). In 2022, the state court clerk filed two
> documents titled "Satisfaction of Judgment for Costs and Fees,"
> notifying that Barringer had satisfied two liens for court costs.
> Barringer, No. 00-CF-1041 (Fla. 6th Jud. Cir. Sept. 1, 2022).
> Judicially noticed records from Florida Secured Transaction
> Registry show that in 2022 Barringer filed a financing statement
> form (Document Number 202201983885) requesting
> "acceptance for value" and "exemption for levy" for his "debt" in
> his state criminal case. Search Results Detail, Florida Secured
> Transaction Registry, available at https://www.floridaucc.com/
> uccweb/SearchResultsDetail. . . . Because these documents did
> not amend or vacate Barringer's conviction and sentence, this
> claim fails.

Lastly, in <u>Barringer</u>, No. 1:22-cv-1387-RBW (D.D.C.), ECF No. 1, Barringer petitioned for a writ of mandamus asserting that the United States failed to respond to his request under the Freedom of Information Act for documents concerning his bond in state criminal cases.   The United States moved to dismiss the petition as moot because the United States had timely responded to the request.   <u>Barringer</u>, No. 1:22-cv-1387-RBW (D.D.C.), ECF No. 25.   In a footnote in <u>Barringer</u>, No. 1:22-cv-1387-RBW, ECF No. 25 at 2 n.1 (citations omitted), the United States stated that records from this Court show that Barringer "had" two state criminal cases:

> According to the United States District Court for the Middle District of Florida, Jay Scott Barringer had two state court criminal cases, which appear to be the ones identified in the subject line of his FOIA request.    Plaintiff appears to only have post-conviction petitions in the Middle District of Florida.

> Barringer contends that by referring to the cases in the past tense the United States conceded that his state court conviction and sentence no longer exist.   (Doc. 1 at 2-3)   Barringer takes this statement out of context.    Because the state court docket shows that the state court did not amend or vacate his conviction and sentence, Barringer is not entitled to release.

*Id*. at 3-4.   The court denied the petition, construed as one brought under § 2254, denied a certificate of appealability and leave to appeal IFP, and directed the Clerk to close the case.    *Id*. at 4.   Thirty-one days later, Barringer filed an "Amended Petition Order Granting Mandamus."    *Id*. ECF No. 4, which the court explained could not be construed as a motion to alter or amend the judgment, given the timeline, nor as a Rule 60(b) motion,

because Barringer reargued the merits of his claim. *Id*. ECF No. 5. Accordingly, in an order entered June 30, 2023, the Middle District dismissed the "Amended Petition" as an unauthorized successive § 2254 petition. *Id*.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989). Petitioner has not complied with this Court's orders to either pay the $5.00 filing fee or submit a complete IFP motion, and to submit an amended § 2254 petition on the proper form. *See* ECF No. 10; ECF No. 3. Because Petitioner did not comply with this Court's orders, this petition should be dismissed without prejudice.

Petitioner shall have a 14-day period after service of this Report and Recommendation in which to file objections. This will also afford Petitioner a final opportunity to show good cause for the failure to respond to the Court's order. Petitioner may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on September 22, 2023.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1; 28 U.S.C. § 636.**